UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| SIERRA PETROLEUM COMPANY, INC., | ) | Civil No. 07-1112 (DWF/AJB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| PAT'S 66, INC., PATRICK D. MEYER, and CINDY D. MEYER, | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| SIERRA PETROLEUM COMPANY, INC., | ) | Civil No. 07-1501 (DWF/AJB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CD PETRO MARKETING LLC., and FIRST AMERICAN ENTERPRISES, LLC, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Moises Melendez, Esq. and Russell S. Ponessa, Esq. on behalf of Plaintiff Sierra Petroleum Company, Inc.

Ansis V. Viksnins, Esq. on behalf of Defendants Pat's 66, Inc., Patrick D. Meyer and Cindy D. Meyer

Teresa K. Patton, Esq. on behalf of Defendants CD Petro Marketing LLC and First American Enterprises, LLC

---

ARTHUR J. BOYLAN, United States Magistrate Judge

   The above-entitled matters came before the undersigned United States Magistrate Judge on Plaintiff's Motion to Enforce Settlement Agreement Against Defendants [Doc. No. 75/Civ. No. 07-1112 and 07-1501), as well as Defendant Pat's 66, Inc. ("Pat's 66") Parallel Motion to Enforce Settlement Agreement Against CD Petro Marketing, LLC ("CD Petro"), and First

American Enterprises, LLC ("First American")[Docket No. 84].  This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Based upon the files, records, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Settlement Agreement [Doc. No. 75/Civ. Nos. 07-1112 and 07-1501] should be **GRANTED** and Defendant Pat's 66 Motion to Enforce Settlement Agreement [Docket No. 84] should be **DENIED**.  An **ORDER** for **JUDGMENT** should be entered in favor of Plaintiff and jointly against Defendants with the following terms:

1. Damages are awarded in favor of Plaintiff Sierra Petroleum Company, Inc., and against Defendants Pat's 66, Inc., Patrick D. Meyer, Cindy D. Meyer, CD Petro Marketing LLC, and First American Enterprises, LLC, in the amount of $330,000 plus five percent (5%) simple interest accruing from August 2, 2007;

2. Damages are awarded in favor of Plaintiff Sierra Petroleum Company, Inc., against Defendants Pat's 66, Inc., Patrick D. Meyer, Cindy D. Meyer, CD Petro Marketing LLC, and First American Enterprises, LLC, for reasonable attorneys' fees, costs, disbursements incurred by Plaintiff in moving to enforce the settlement agreement; and

3. Plaintiff shall supply the Court with a lists of attorneys' fees, costs, and disbursements incurred in moving to enforce the settlement agreement with Defendants in both cases (Civ. Nos. 07-112 and 07-1501) to aid the Court's determination of reasonable damages.

121196854v1 874592

Dated: November 6, 2007

                s/ Arthur J. Boylan
                ARTHUR J. BOYLAN
                United States Magistrate Judge

  Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 16, 2007.

**MEMORANDUM**

**I. Background**

  A settlement conference was conducted by Magistrate Judge Boylan between Plaintiff, Sierra Petroleum Company, Inc. ("Sierra Petroleum"), and Defendants-Pat's 66, Patrick D. Meyer, and Cynthia D. Meyer, in Civil No. 07-1112 and Defendants CD Petro and First American in Civil No. 07-1501 on August 1-2, 2007. On August 2, 2007, a global settlement was reached in the above-mentioned cases. Defendants jointly agreed to pay to Plaintiff the total sum of $330,000, for a stipulation of dismissal with prejudice in the 07-1112 and 07-1501 matters. See Hrg. Tr. 4-11 (Aug. 2, 2007). $300,000 was to be paid jointly by Defendants within 60 days from the August 2, 2007, settlement hearing. Id. at 4. That sum would also begin to bear interest at the rate of five percent (5%) per annum, beginning August 2, 2007. Id. The $30,000 that remained would also be accruing interest at the rate of 5% per annum and would be due and payable in three years, with the first payment due and payable one year from August 2, 2007. Id. at 5. That first payment would be in the amount of $10,000 plus accrued interest. Id. The

payments in 2009 and 2010 would be the same. Id.  To date, Defendants have failed to fulfill their settlement agreement obligations with Plaintiff.  Plaintiff subsequently filed this motion to enforce the settlement agreement with Defendants [Docket No. 75].  In response, Pat's 66, Patrick D. Meyer, and Cynthia D. Meyer filed a parallel motion seeking enforcement of a settlement agreement between Pat's 66, Patrick Meyer, Cindy Meyer, CD Petro, and First American regarding the same global settlement with Sierra Petroleum [Docket No. 84].

**II. Discussion**

A settlement agreement is enforceable upon agreement by the parties on all essential terms. See Ryan v. Ryan, 292 Minn. 52, 55, 193 N.W.2d 295, 297 (1971).  The settling of lawsuits is highly favored and will not be lightly set aside. Johnson v. St. Paul Ins. Cos., 305 N.W.2d 571, 573 (Minn. 1981).  The record is clear that Plaintiff and Defendants reached a settlement in Civ. Nos. 07-1112 and 07-1501. See Hrg. Tr. 4-11.  The settlement agreement was affirmed by all parties, their representatives authorized to approve the settlement, and their respective counsel on the record before Magistrate Judge Boylan upon questioning of each for confirmation that in fact a settlement agreement had been reached. Id.  Moreover, Defendants agreed that this was a joint agreement where they were all responsible for the $330,000 payment to Plaintiff. Id. at 5, 11.[1]

Pat's 66, however, argues that they were not obligated to comply with the global agreement until CD Petro and First American fulfilled their settlement obligations with them. Pat's 66, Patrick Meyer, Cindy Meyer, CD Petro, and First American prepared a handwritten

---

[1] On August 29, 2007, Defendants responded with their proposed changes to the written Settlement Agreement. See Ex. A [Docket No. 80-2].  While Defendants crossed out the word "jointly" and Sierra Petroleum agreed to this change (see Ex. B), the language of the agreement still stated, "In order to settle this Consolidated Lawsuit, the Parties agree that *Defendants* will pay Sierra..." Id. (emphasis added).  According to the agreement, "Defendants" included CD Petro, First American, Pat's 66, Patrick Meyer, and Cindy Meyer. Id.

Memorandum of Agreement to Settle on August 2, 2007, off the record from the settlement hearing. See Tr. 11-12.  More specifically, CD Petro agreed to be responsible for making the $300,000, plus interest due 60 days from the August 2, 2007, settlement hearing. See Viksnins Decl. 2-3 [Docket No. 87-3].  Pat's 66, Patrick Meyer, and Cindy Meyer were responsible for the $30,000 payment plus interest. Id.  Furthermore, Pat's 66 agreed to transfer the Tire and Rubber Center to CD Petro as consideration for the $300,000 payment to Sierra Petroleum. See Mem. 4 [Docket No. 86]; Viksnins Decl. 4-5.  Pat's 66 claims that in late September 2007, CD Petro indicated that were no longer interested in Tire and Rubber Center and wanted to go back to the Court to renegotiate the deal. See Mem. 6 [Docket No. 86].  CD Petro never made the October 1, 2007, payment of $300,000 to Sierra Petroleum. Id.  At this time, Pat's 66 remains willing to perform its obligations under both settlement agreements, including the transfer of the Tire and Lube Center, so long as CD Petro makes the $300,000 payment and thereby seeks this Court to enforce their agreement with CD Petro. Id.

    Nevertheless, the Supreme Court held that district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce an agreement settling federal litigation. See Kokkonen v. Guardian Life Ins. Co. of Amer., 114 S. Ct. 1673, 1676-77 (1994).  Ancillary jurisdiction to enforce a settlement agreement exists only "if the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal—either by...a provision 'retaining jurisdiction' over the settlement agreement [] or by incorporat[ion of] the terms of the settlement agreement in the order." Id. at 1677.  Absent making the settlement agreement part of a dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id.  Here, the agreement between CD Petro and Pat's 66 was not placed on the record at the August 2, 2007, settlement hearing.

<u>See</u> Hrg. Tr. 12.  Also, the CD Petro-Pat's 66 agreement was not included in the dismissal order (i.e. Plaintiff and Defendants settlement agreement reduced to writing). <u>See</u> Ex. A, B [Docket No. 80-2]. The Memorandum of Agreement itself neither mentions nor references the settlement agreement between Defendants and Sierra Petroleum. <u>See</u> Viskins Decl. [Docket No. 87-3]. Therefore, should Pat's 66 seek enforcement of their agreement with CD Petro, this Court recommends that their contract dispute be resolved by the state courts.

### III. Conclusion

Based upon the foregoing findings and conclusions, the Magistrate Judge recommends that the District Court grant Sierra Petroleum's Motion to Enforce Settlement Agreement [Docket No. 75] and enter an Order for Judgment in favor of Plaintiff Sierra Petroleum and against Defendants Sierra Petroleum, Pat's 66, Patrick Meyer, Cindy Meyer, CD Petro, and First American jointly in the amount of $330,000 plus 5% simple interest accruing from August 2, 2007, as well as damages for reasonable attorneys' fees, costs, and disbursements incurred by Sierra Petroleum in moving to enforce the settlement agreement [Docket No. 75].  Additionally, the Magistrate Judge recommends that the District Court deny Pat's 66 Motion to Enforce Settlement Agreement [Docket No. 84] against CD Petro as this issue should be resolved by the state courts.

*AJB*

121196854v1 874592